### 8189.  ALLEN v. ALLEN et al.

BROYLES, P. J.  1.  The evidence, the admission of which is complained of in the special grounds of the motion for a new trial, was admissible for the purpose stated by the trial judge at the time of its admission.

2.  This was a suit upon the bond of an administratrix, brought against her and the sureties on the bond.  Under the facts of the case the in-

surance policy upon the life of the deceased was void and unenforcea-
ble,· but this was not an issue in the case. The only issue before the
jury was whether the $1,000 which the insurance company paid to Mrs.
Allen, the widow and administratrix of the decedent, and which was
sued for in this case, was paid solely as a personal gift to her, on ac-
count of former services rendered the company by the decedent, or was
paid to her as the administratrix of the estate of the decedent, in set-
tlement of the policy. Upon this issue the evidence was conflicting and
would have warranted a finding either way. The jury returned a ver-
dict against Mrs. Allen, for $500, but in favor of her bondsmen, and the
plaintiff made a motion for a new trial. The trial judge granted a
new trial as to Mrs. Allen, but refused it as to the other two defend-
ants, the sureties on the bond, and the movant excepted. The record
discloses no error of law, and the judgment of the lower court is ac-
cordingly          *Affirmed. Jenkins and Bloodworth, JJ., concur.*
                          DECIDED APRIL 25, 1917.

Action on bond; from Wilcox superior court—Judge George.
August 22, 1916.

*Hal Lawson,* for plaintiff.   *J. T. Hill,* for defendants.

